LIN CHEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 06–1609–ag.

United States Court of Appeals, Second Circuit.

July 17, 2008.

Jeffrey E. Baron, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin Chen, a native and citizen of the People's Republic of China, seeks review of the March 27, 2006 order of the BIA affirming the November 29, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla: (1) pretermitting his application for asylum; and (2) denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Lin Chen,* No. A78 211 466 (B.I.A. Mar. 27, 2006), *aff'g* No. A78 211 466 (Immig. Ct. N.Y. City Nov. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Even assuming the IJ's adverse credibility determination was improper, we must deny Chen's petition for review.

Chen failed to raise his CAT claim based on his illegal departure and his alleged fear of persecution because Chinese officials are aware that he applied for asylum in the United States in either his brief to the BIA or his brief to this Court. Ac-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

cordingly, we deem those claims abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (citing *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)). Similarly, as Chen failed to argue before the BIA that the IJ erred in pretermitting his asylum application and that he established eligibility for asylum and withholding of removal based on his resistance to China's coercive population control program, and as the government raises this failure to exhaust in its brief to this Court, we decline to consider those arguments. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir. 2007); *see also id.* at 124. Moreover, under our decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc), Chen is not eligible for asylum based solely on his wife's alleged forced abortion. *Id.* at 314. To the extent that he argues the contrary, we deny his petition.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.